IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03570-REB-KLM
    Consolidated with Civil Action No. 20-cv-01157-REB-KLM

MATTHEW CLEM, and
JASON MOORE,

    Plaintiffs,

v.

RAYMOND SCHULTZ, an individual,
HINZ TRUCKING, INC.,
ROGER C. ANDERSON, an individual, and
RJA TRUCKING, LLC,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff Matthew Clem's **Motion to Compel Bob Lybarger's Deposition Attendance and Document Production** [#108][1] (the "Motion"). Defendants are unopposed to the Motion [#108].

On November 12, 2021, the Court held a Discovery Hearing where the Court granted in part and denied in part Defendant Hinz Trucking Inc.'s oral Motion for a Protective Order Regarding Depositions of Scott Ganow and Bob Lybarger ("Lybarger"). In relevant part, the Court limited the deposition of Mr. Lybarger, a non-party former employee of Hinz Trucking, to two hours, ordered that the deposition be conducted by

---

[1] "[#108]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

-1-

video (with the understanding that Mr. Lybarger would be attending in person in Lincoln, Nebraska), and limited the topics on which Mr. Lybarger could be questioned.  *Minutes* [#105].

Mr. Lybarger did not appear for his deposition on November 16, 2022, *see* [#108-3], and Plaintiff Clem thereafter filed the present Motion [#108] asking the Court to compel Mr. Lybarger (1) to attend his deposition and (2) to produce responsive documents pursuant to a related subpoena request.  At the time the Motion [#108] was filed, it appeared that the parties and Mr. Lybarger were still engaged in conferral, given the statement that they believed that "there is a possibility that Mr. Lybarger will cooperate."  *Motion* [#108] at 2.  At the Court's request, *see Minute Order* [#122], Plaintiff Clem has since provided an update that, "[b]ased on representations from Defendants, they have been unable to reach Mr. Lybarger and they do not oppose the requested relief . . . ."  *Notice of Request for Relief* [#123].

**A.**    **Deposition**

Plaintiff Clem's request to compel the deposition of Mr. Lybarger fails for three reasons.  First, pursuant to Fed. R. Civ. P. 30(a)(1), "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)."  Here, on November 2, 2021, Plaintiffs issued a Notice of Videotaped Deposition of Bob Lybarger (the "Notice"), with the deposition to take place in Lincoln, Nebraska.  *See* [#108-2] at 2-3.  A deposition notice issued under Fed. R. Civ. P. 30(b) is, generally speaking, the method used by parties and non-parties to set a deposition on a voluntary, or at least mutually agreeable, basis.  However, Fed. R. Civ. P. 30(a)(1) further provides that "[t]he deponent's attendance may be compelled by subpoena under Rule 45."  Thus,

compelling a deponent to attend a deposition requires the deposing party to comply with Rule 45. Here, there is no indication that Plaintiff Clem has sought to compel Mr. Lybarger's deposition by serving him with a deposition subpoena under Rule 45.

Second, even assuming that a deposition subpoena had been served and that the terms of such a subpoena were identical to those of the Notice, it would appear that, although Mr. Lybarger could certainly voluntarily appear in Lincoln, Nebraska, for his deposition pursuant to either a Rule 30 notice or a Rule 45 subpoena, compelling him to so appear would violate Fed. R. Civ. P. 45(c)(1). This rule, as is relevant here, limits the geographic area in which a person may be compelled to attend a deposition to "within 100 miles of where the person resides, is employed, or regularly transacts business in person." The only such evidence before the Court consists of Mr. Lybarger's home address in Odessa, Nebraska, which is approximately 142 miles from the proposed deposition location in Lincoln. Thus, the Court may not compel Mr. Lybarger to attend a deposition occurring in Lincoln.

Third, again assuming that a subpoena had been served, Plaintiff Clem asks the wrong court to compel Mr. Lybarger to attend his deposition. Rule 45 makes clear that the court issuing the subpoena is not always the same as the court which can compel compliance. *Compare, e.g.*, Fed. R. Civ. P. 45(a)(2) ("Issuing Court. A subpoena must issue from the court where the action is pending.") *with* Fed. R. Civ. P. 45(d)(2)(B)(i) ("At any time, on notice to the commanded person, the serving party may move the *court for the district where compliance is required* for an order compelling production or inspection." (emphasis added)), Fed. R. Civ. P. (d)(3)(A) ("On timely motion, the *court for the district where compliance is required* must quash or modify a subpoena . . . ." (emphasis added)),

*and* Fed. R. Civ. P. 45(g) ("The *court for the district where compliance is required* . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."). Here, Mr. Lybarger resides in Nebraska and the deposition was set to occur in Nebraska; thus, the court for the district where compliance is required is the District of Nebraska, and only that court may compel Mr. Lybarger's attendance at his deposition. *See, e.g.*, *In SBN Fog Cap II LLC*, 562 B.R. 771, 775 (Bankr. D. Colo. 2016) (holding that where the District of Colorado was the court which issued the subpoena and the Southern District of New York was where the subpoena required the documents to be produced, the motion to quash must be filed in the Southern District of New York).

Accordingly, the Motion [#108] is **denied** to the extent Plaintiff Clem asks the Court to compel Mr. Lybarger to attend his deposition in Lincoln, Nebraska.

**B.    Documents**

On November 2, 2021, at the same time as the deposition Notice, Plaintiffs also issued a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena"). *See* [#108-2] at 5-11. On November 5, 2021, Mr. Lybarger was served with the Subpoena at his home in Odessa, Nebraska. *Aff. of Service* [#108-1] at 2. He was directed to produce the list of requested documents by e-mail or "at [his] home and accommodations to pick up the requested documents" would be made. *Subpoena* [#108-2] at 5. Mr. Lybarger has not filed a motion seeking to quash or modify the subpoena under Fed. R. Civ. P. 45(d)(3), and there is no indication before the Court that he has made written objections to the subpoena under Fed. R. Civ. P.

45(d)(2)(B), which would allow Plaintiff to move "the court where compliance is required for an order compelling production or inspection." Thus, it appears that Mr Lybarger is likely in contempt pursuant to Fed. R. Civ. P. 45(g), which states: "The court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."

However, although Plaintiffs have served a subpoena on Mr. Lybarger and there appear to be no mileage issues regarding compliance, the request to compel Mr. Lybarger to produce these documents fails for the third reason the Court discussed above in connection with the deposition. In short, the District of Nebraska is the compliance court, and any motions concerning Mr. Lybarger's compliance with the subpoena must be made there.

Accordingly, the Motion [#108] is **denied** to the extent that Plaintiff Clem asks the Court to order Mr. Lybarger to comply with the Subpoena and produce the documents requested in Requests Nos. 1-4.

**C.   Conclusion**

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#108] is **DENIED**.

Dated:  March 17, 2022

BY THE COURT:

*Kristen L. Mix*

Kristen L. Mix
United States Magistrate Judge